834 So.2d 964 (2003)
S.B., Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3721.
District Court of Appeal of Florida, Second District.
January 24, 2003.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
S.B., a juvenile, appeals the disposition orders entered by the trial court. We reverse.
While on community control in three cases for offenses committed in 2000, S.B. committed two additional offenses in 2001 and the court adjudicated him delinquent for them. The new convictions also served to violate the terms of the previously imposed community control. The five offenses represented three felonies and two misdemeanors. After adjudicating him delinquent, the court placed Appellant in a high risk residential program operated under the auspices of the Department of Juvenile Justice to be followed, upon completion, by conditional release.
None of the original orders specified the maximum allowable time that Appellant must spend under the control of the department. On July 16, 2002, the court amended its orders addressing this problem but, as Appellant had already filed his notice of appeal, it was entered at a time when the court was without jurisdiction and is, therefore, invalid.
A disposition order must specify the period of commitment imposed by the court. M.N. v. State, 798 So.2d 889 (Fla. 4th DCA 2001). This requirement is particularly important where, as here, the offenses range from second degree felonies down to second degree misdemeanors. We, therefore, vacate each of the disposition orders entered and remand with instructions to specify the period of commitment for each offense, not to exceed either the maximum adult sentence for the individual charge or the date when Appellant attains his majority, at which time the department will lose jurisdiction over him.
On remand, we point out that the trial court should enter a separate disposition order for each offense. A.B. v. State, 805 So.2d 924 (Fla. 2d DCA 2001); P.J.C. v. State, 730 So.2d 791 (Fla. 2d DCA 1999).
Reversed and remanded with instructions.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, Concur.